IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DOROTHY BALES                ) HAMBLEN COUNTY
                             ) 03A01-9710-CH-00496
        Plaintiff-Appellant  )
                             )
                             )
        v.                   ) HON. THOMAS R. FRIERSON, II,
                             ) CHANCELLOR
                             )
RENEE BALES SNYDER,          )
DONNA BALES STEPP, and       )
ANTHONY BALES                )
                             )
        Defendants-Appellees ) AFFIRMED AND REMANDED

JIM W. STAMBAUGH OF MORRISTOWN FOR APPELLANT

R. DAVID BENNER OF KNOXVILLE FOR RENEE BALES SNYDER and DONNA
BALES STEPP

KELLEY HINSLEY OF MORRISTOWN FOR ANTHONY BALES

O P I N I O N

                                   Goddard, P.J.

        This is a suit by Plaintiff-Appellant Dorothy Bales

against Defendants-Appellees Renee Bales Snyder, Donna Bales

Stepp and Anthony Bales.  Ms. Snyder and Ms. Stepp are her step-

children, being the daughters by a prior marriage of her deceased

husband, Donnie Bales.  Anthony Bales, who is a minor 14 years

old and is represented by a guardian <u>ad</u> <u>litem</u>, is the son of Donnie Bales and Dorothy Bales.

The amended complaint seeks to set aside a quitclaim deed conveying two lots to the Defendants, alleging the conveyance was in violation of T.C.A. 31-1-105.[1]

The parties for the most part stipulated before the Chancellor the facts they contend were necessary to determine the issues raised, which are set out in the Defendants' brief as follows:

1)   The warranty deed dated April 21, 1967 conveying a portion of the property involved in this case to Donnie Bales and his then wife Margie Bales, a copy of which was made an exhibit.

2)   The warranty deed dated October 21, 1971 conveying a portion of the property involved in this case to Donnie Bales and then wife Margie Bales, a copy of which was made an exhibit.

3)   Margie Bales died in 1978.

4)   Donnie Bales married Dorothy Bales on December 20, 1980.

5)   Renee Bales Snyder and Donna Bales Stepp are the adult daughters of Donnie Bales and Margie Bales.

6)   Anthony Bales is the minor son of Donnie Bales and Dorothy Bales.  He is represented in this matter by guardian *ad litem* Kelley Hinsley.

7)   On January 30, 1995, Donnie Bales executed a quitclaim deed to Renee Snyder, Donna Stepp and Anthony Bales, a copy of which was made an exhibit.

---

[1]     **31-1-105.  Fraudulent conveyance to defeat share voidable.**-- any conveyances made fraudulently to children or others, with an intent to defeat the surviving spouse of his distributive or elective share, is voidable at the election of the surviving spouse.

8)   On January 30, 1995, Donnie Bales made his last will and testament, a copy of which was filed as an exhibit.

9)   Donnie Bales and Dorothy Bales lived in a house located on the subject property throughout their marriage.

The guardian *ad litem*, Kelley Hinsley, announced an additional stipulation to the court as follows:

10)   Anthony Bales, age 14, is in the custody of his mother, Dorothy Bales.

11)   Anthony Bales resides with his mother, Dorothy Bales, in the house on the property that is the subject of this suit.

Additionally, the Probate Court file was made available to the judge for his examination for the purpose of demonstrating that the Plaintiff, Dorothy Bales had not filed a petition for an elective share in the probate court, and the court found that no timely election had been made.

At least three Tennessee cases have addressed the considerations which should be given in applying the provisions of T.C.A. 31-1-105.  They are compiled in the case of Finley v. Finley, 726 S.W.2d 923 (Tenn.App.1986).  We now set out these considerations, along with the proof in the record touching each:

1.   **Whether the transfer was made with or without consideration.**

The quitclaim deeds recite consideration was $1.00 cash in hand paid.

2.   **The size of the transfer in relation to the husband's total estate.**

There is no evidence as to this point in the record.

**3.    The time between the transfer and the husband's death.**

The transfer was made on January 30, 1995, and Mr. Bales died on December 20, 1995.[2]

**4.    Relations which existed between the husband and the wife at the time of the transfer.**

There is no evidence as to this point in the record.

**5.    The source from which the property came.**

The property came to Mr. Bales and his first wife from third parties, and Mr. Bales acquired the entire interest as surviving tenant by the entirety.

**6.    Whether the transfer was illusory.**

There is no evidence as to this point in the record.

**7.    Whether the wife was adequately provided for in the will.**

The Defendants were the beneficiaries of Mr. Bales' will.

Although a copy of the probate file was in the possession of counsel for Defendants Snyder and Stepp and made available to the Court and is referred to in the Chancellor's

---

[2]    Although this date is not stipulated, it is a finding of fact by the Chancellor, which apparently came from the probate file hereinafter mentioned.

memorandum opinion, it was not filed as an exhibit and, consequently, is not a part of the record.

As already noted, the Chancellor concluded in light of the stipulations and the dictates of <u>Finley</u>, that the Plaintiff had not offered sufficient proof to set aside the deed and dismissed her complaint. In doing so he employed the following language:

> Plaintiff next argues that Mr. Bales' conveyance to his children was made fraudulently and with an intent to defeat Plaintiff's elective share as surviving spouse. Consequently, Plaintiff argues that said conveyance is voidable at her election, T.C.A. 31-1-105. Several factors must be considered in determining whether one spouse intends to practice a fraud upon the surviving spouse so as to defeat an elective share, <u>Sherrill v. Mallicote</u>, 417 S.W.2d 798 (1967). Courts, however, do not mechanically list the factors favorable to one party and those favorable to another and simply add up the total in order to base a judgment. Instead, Courts must consider the weight and significance to be given to each factor under the facts of each particular case, <u>Finley v. Finley</u>, 726 S.W.2d 923 (1986).
>
> In the case sub judice, Plaintiff has failed to carry her burden of proof so as to establish that the transfer from Mr. Bales to his children was made fraudulently with the intent to defeat the Plaintiff of her elective share. Further, Plaintiff has failed to file her petition for elective share within the time limitations established by T.C.A. 31-4-102. Accordingly, said transfer will not be set aside on this basis.

We also note, which we think is particularly significant, there is no proof as to the value of Mr. Bales' estate at the time of his death. It might very well have amounted to a substantial sum from which, if not otherwise

5

barred, Ms. Bales could seek an elective share notwithstanding the fact that she was not a devisee or legatee under his will.

In light of the foregoing, we conclude that the Chancellor was correct in his conclusion of law and that his judgment should be affirmed.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against the Plaintiff and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.

6